10-5223-cv
Anderson v. Metro-North Commuter R.R.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of July, two thousand twelve.

PRESENT:

> PIERRE N. LEVAL,
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

_____

JEROMIE ANDERSON,
> *Plaintiff-Appellee*,

-v.-                                                          No. 10-5223-cv

METRO-NORTH COMMUTER RAILROAD,
> *Defendant-Appellant*.

_____

> IRA S. MAURER, The Maurer Law Firm, PLLC, Fishkill, N.Y., for *Plaintiff-Appellee*.
>
> IOANA WENCHELL (José R. Rios, *on the brief*), Metro-North Commuter Railroad Legal Department, New York, N.Y., for *Defendant-Appellant*.

Appeal from the United States District Court for the Southern District of New York (Conti, *Judge*).[1]

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED IN PART, REVERSED IN PART, and REMANDED for proceedings consistent with this summary order.

Defendant-Appellant Metro-North Commuter Railroad ("Metro-North") appeals from the judgment of the United States District Court for the Southern District of New York, entered after a jury trial, awarding Plaintiff-Appellee Jeromie Anderson ("Anderson") $2,034,030.97 in compensatory damages for an injury sustained by Anderson in the course of his employment at Metro-North. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal and revisit those topics below only as necessary to facilitate this discussion.

**I.    Background**

Stated briefly, the facts relevant on appeal are as follows. Anderson was an employee of Metro-North. During the course of his employment, Anderson came into contact with a Metro-North truck that was itself in contact with a live power line, resulting in an electric shock to Anderson. Subsequently, Anderson sued Metro-North in the United States District Court for the Southern District of New York under the Federal Employers' Liability Act of 1908 ("FELA"), 45 U.S.C. § 51 et seq. Metro-North conceded liability; thus, the only issues at trial were whether to award damages to Anderson and the amount of those damages.

---

[1] The Honorable Samuel Conti, of the United States District Court for the Northern District of California, sat by designation on the United States District Court for the Southern District of New York for the proceedings below.

After a trial presided over by the Honorable Stephen C. Robinson,[2] the jury, using special interrogatories, returned an award in Anderson's favor in the following amounts:

| | |
|---|---|
| Past pain and suffering: | $87,500 |
| Future pain and suffering: | $100,000 (for ten years of pain and suffering) |
| Past wage loss: | $58,056 |
| Future wage loss: | $342,000 (for ten years of wage loss) |
| Past fringe benefits loss: | $12,744 |
| Future fringe benefits loss: | $83,550 (for ten years of fringe benefits loss) |

Anderson sought a new trial under Fed. R. Civ. P. 59. Judge Robinson granted the motion on the grounds that the damages awarded represented an impermissible compromise verdict, that the verdict was unsupported by, or contrary to the weight of, the evidence, and that the award for past and future pain and suffering was inadequate as a matter of law.

Following Judge Robinson's departure from the bench, the case was reassigned to Judge Conti. After a second trial, the jury returned a verdict in Anderson's favor, again using special interrogatories, in the following amounts:[3]

| | |
|---|---|
| Past pain and suffering: | $200,000 |
| Future pain and suffering: | $925,000 (for 32 years of pain and suffering) |
| Past wage loss: | $76,100 |
| Future wage loss: | $881,851 (for 24.5 years of wage loss) |
| Future fringe benefits loss: | $512,742 (for 24.5 years of fringe benefits loss)[4] |

Metro-North moved for a new trial, but Judge Conti in relevant part denied that motion.[5] After

---

[2] Judge Robinson has since departed the bench.

[3] The jury also awarded Anderson a sum for future medical expenses. This component of the damages award is not disputed on appeal.

[4] The second jury did not award any damages for past lost fringe benefits, because the parties agreed during trial that Anderson was not entitled to any damages under this heading.

[5] Judge Conti ordered a new trial with respect to the award for future medical expenses unless Anderson agreed to a remittitur of that award, and Anderson agreed to remittitur.

discounting the award to present value, Judge Conti entered judgment awarding Anderson $2,034,030.97 in damages. This appeal followed.

**II.     Discussion**

On appeal, Metro-North argues principally that Judge Robinson erred by granting a new trial after the first jury's verdict and that Judge Conti erred by not granting a new trial after the second jury's verdict. For the reasons that follow, we conclude that Judge Robinson erred in part by granting a new trial and that Judge Conti did not err by declining to grant a new trial.

*A.     First Trial*

"Our review of a district court's decision to grant a Rule 59(a) motion [for a new trial] is deferential; we will reverse only for abuse of discretion." *Manley v. AmBase Corp.*, 337 F.3d 237, 245 (2d Cir. 2003). "A district court abuses its discretion when (1) its decision rests on an error of law (such as the application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision – though not necessarily the product of a legal error or a clearly erroneous factual finding – cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted). Under our case law, where special interrogatories are used, "error with respect to one issue will ordinarily not constitute reason to retry an issue that was separately determined." *Crane v. Consol. Rail Corp.*, 731 F.2d 1042, 1050 (2d Cir. 1984). Accordingly, we examine each component of the first jury's damages award separately to determine if Judge Robinson correctly deemed that component to be infected by error.

We affirm Judge Robinson's grant of a new trial with respect to the award for past and future pain and suffering. Judge Robinson set aside this aspect of the award because he found it "so inadequate as to shock the judicial conscience and constitute a denial of justice." We have held that

4

"an appellate court should reverse the grant of a new trial for excessive verdict only where the quantum of damages was *clearly* within the . . . limit of a reasonable range," *Ismail v. Cohen*, 899 F.2d 183, 186 (2d Cir. 1990) (internal quotation marks omitted), and there is no reason to apply a different rule when the district court granted a new trial because the jury's award was inadequate, rather than excessive, *see Caskey v. Village of Wayland*, 375 F.2d 1004, 1007 (2d Cir. 1967).

Judge Robinson exercised his discretion in concluding that the pain and suffering award fell outside a reasonable range. We cannot say that this decision was not within the judge's discretion. We have compared the first jury's award for pain and suffering to the awards for pain and suffering in other cases with similar injuries. Because it is not apparent to us that the first jury's award for pain and suffering "was *clearly* within the . . . limit of a reasonable range," *Ismail*, 899 F.2d at 186 (internal quotation marks omitted), we affirm Judge Robinson's grant of a new trial with respect to this aspect of the award.

The grant of a new trial with respect to the award for future wage and fringe benefits loss is another matter. Judge Robinson held that the jury's determination that Anderson was only entitled to compensation for ten years of future lost wages and benefits was not supported by the evidence. Specifically, he opined that, while Anderson had presented evidence of permanent disability arising from his accident, and Metro-North had presented evidence that Anderson was not presently disabled at all, no evidence had been produced that Anderson was presently disabled but would eventually recover his health sufficient to allow him to resume his duties as an employee of Metro-North.[6] However, our independent review of the record indicates that the first jury was entitled to

_____

[6] Judge Robinson also held that the jury's award represented an impermissible compromise verdict. This conclusion rested on the judge's perception that "[t]here was no evidence presented throughout the entire case that indicated that Mr. Anderson was disabled on only a temporary basis

5

believe that Anderson would recover his health in ten years' time. Dr. George Unis, Metro-North's expert witness, testified that Anderson was not currently disabled at all. Taken with the evidence that Anderson had sustained injuries at the time of his accident, Dr. Unis's testimony implicitly advanced the proposition that the type of injuries Anderson received from his accident were not permanent. The jury could have believed Dr. Unis that Anderson's injuries were not permanent and at the same time could also have believed Anderson's experts that those injuries had not yet healed. This would leave the jury free to estimate at what point in the future Anderson's injuries would heal. *See, e.g.*, *Romano v. Howarth*, 998 F.2d 101, 107 (2d Cir. 1993) ("[It is not true] that the jury had to accept the plaintiff's testimony in its entirety, or the defendants' testimony in its entirety, in order to resolve this dispute. The truth . . . may, and often does, lie somewhere in between the divergent accounts; the jury's discretion to explore the middle ground should . . . remain[] unfettered." (emphasis omitted)). Thus, Judge Robinson was incorrect that the jury's conclusion that Anderson was presently disabled but would recover from his injuries was without evidentiary support, and the grant of a new trial as regards future lost wages and fringe benefits was accordingly inappropriate.[7]

and that his condition can be expected to improve," and that therefore the jury must have impermissibly compromised to reach the ten-year figure. Thus, Judge Robinson's holding regarding a compromise verdict was essentially a reprise of his holding that the jury's verdict was unsupported by, or contrary to the weight of, the evidence. Our discussion of the latter holding necessarily disposes of the former.

[7] Anderson also argues that Judge Robinson's order as to future lost wages and fringe benefits may be upheld because the jury erred in its calculation of appropriate damages even granting the jury's goal of awarding damages for a period of ten years. However, we cannot uphold the order for a new trial on this basis. The valuation of fringe benefits put forward by Anderson included the cost to Metro-North of sick days and other forms of paid leave, which, on Anderson's own admission, "were not ever given a dollar amount and appeared to cancel . . . out" with paid leave Anderson anticipated receiving from his new source of employment. The jury was entitled to depart from the valuation of future lost fringe benefits put forward by Anderson to take these facts into account. We address Anderson's argument regarding miscalculation of future lost wages *infra*, in note 8.

We likewise are troubled by Judge Robinson's grant of a new trial with regard to the award for past lost wages on the ground that the jury miscalculated the amount of the award. We have never permitted a district court to set aside a jury verdict merely on the grounds that the jury made a minor computational error. *See, e.g.*, *Manley*, 337 F.3d at 245 ("[F]or a district court to order a new trial under Rule 59(a), it must conclude that the jury has reached a *seriously* erroneous result . . . ." (emphasis added) (internal quotation marks omitted)). Anderson's estimate of his lost wages was predicated on his working substantial overtime which, the undisputed evidence shows, was not guaranteed to employees. Had the jury (as seems likely to have happened) discounted Anderson's estimate of his lost wages to take this fact into account, it would have permissibly reached, if not precisely the amount it awarded Anderson, at least an amount very close to it. Judge Robinson erred by granting a new trial over this small miscalculation by the jury.[8]

In short, we affirm Judge Robinson's grant of a new trial with regard to the first jury's award for past and future pain and suffering and reverse with respect to past and future lost wages and future fringe benefits.[9]

---

[8] Similar logic would apply to Anderson's argument on appeal that the grant of a new trial with regard to the award for future lost wages was justified on the ground that the jury's award was impermissibly low, even given the fact that the jury intended to make an award for only ten years of disability. Taking into account the fact that overtime was not guaranteed to employees, the jury cannot be said to have seriously erred (if indeed it may be said to have erred at all) by awarding Anderson somewhat less than he claimed in future lost wages.

[9] As explained *supra* note 4, the parties agreed at the second trial that Anderson was not entitled to damages for the loss of past fringe benefits. Accordingly, we do not discuss whether Judge Robinson was justified in granting a new trial with respect to the damages awarded by the first jury for this alleged loss.

*B.*     *Second Trial*

Metro-North also contends that Judge Conti erred by declining to grant its Rule 59 motion for a new trial after the second jury returned its verdict. Because, as we have explained, Judge Robinson erred by granting a new trial with respect to damages for lost past and future wages and future fringe benefits, we need consider only whether Judge Conti erred in declining to grant a new trial with respect to the second jury's award for past and future pain and suffering.

As with an order granting a motion for a new trial, we review an order denying such a motion for abuse of discretion. *See Nairn v. Nat'l R.R. Passenger Corp.*, 837 F.2d 565, 566 (2d Cir. 1988). Here, too, we appropriately "review awards in other cases involving similar injuries" to determine whether the second jury's award was excessive. *See id.* at 568.

Judge Conti did not abuse his discretion by declining to order a new trial with regard to the second jury's award for pain and suffering. The awards for past and future pain and suffering fit within the ranges of other awards for similar injuries.

To the extent Appellant raises other arguments with respect to the judgment below, we have considered them and reject them as meritless.[10] Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED with regard to Judge Robinson's grant of a new trial respecting pain and suffering and also with regard to Judge Conti's refusal to grant a new trial respecting the same. It is REVERSED as to Judge Robinson's grant of a new trial regarding past and future lost wages and future lost fringe benefits. On remand, the district court should substitute the first jury's damages award for past and future lost wages and future lost fringe benefits in place of the second jury's award for those elements. Thus, the appropriate damages award, before

---

[10] In particular, we have considered Metro-North's evidentiary challenges and find them to be without merit.

8

discounting, will contain the following elements:

| | |
|---|---|
| Past pain and suffering: | $200,000 |
| Future pain and suffering: | $925,000 |
| Past wage loss: | $58,056 |
| Future wage loss: | $342,000 |
| Future fringe benefits loss: | $83,550 |

Accordingly, Anderson's damages award, before discounting and excluding the unchallenged award for future medical expenses, should be in the amount of $1,608,606.

We REMAND for proceedings not inconsistent with this summary order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk